## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DARRELL ELLIS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v.  ) | Case No. CIV-09-379-R |
| ) | |
| **JAMES M. BROWN, SR., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered April 17, 2009 [Doc. No. 6] and Plaintiffs' Objection to the Report and Recommendation filed May 4, 2009 [Doc. No. 7]. The Magistrate Judge, following screening of the Complaint pursuant to 28 U.S.C. § 1915A(a), recommended that Plaintiffs' Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915A as frivolous and for failure to state a claim on which relief can be granted.[1] The Magistrate Judge concluded that Plaintiffs' claims for damages against the state officials acting in their official capacities must be dismissed with prejudice because Defendants in such capacities are immune from suit for damages in federal court brought by citizens of the state they serve. The Magistrate Judge also concluded that three of Plaintiffs' claims – that Defendants deprived Plaintiffs of a state created liberty interest in application of mandatory and exclusive

---

[1]The Magistrate Judge did not address Plaintiffs' purported equal protection claims in Counts I and VII of the Complaint and Plaintiffs did not object to this failure. Thus, Plaintiffs have waived their objection, if any. But in any event, Plaintiffs have failed to state claims for the deprivation of their equal protection rights on which relief can be granted because they have failed to allege that they were treated differently than inmates similarly situated or that they belong to a suspect class. *Fogle v. Pierson*, 435 F.3d 1252, 1260-61 (10th Cir. 2006).

criteria for determining parole eligibility and recommendations and violated Plaintiffs' due process rights; violated Plaintiffs' due process and rights under the Ex Post Facto Clause by applying a two-stage parole proceeding; and violated Plaintiffs' rights under the Ex Post Facto Clause by applying Okla. Stat. tit. 57, § 332.7(D) to decrease the frequency of parole consideration from annually to every three years – have been previously unsuccessfully litigated in state courts and found to be barred from judicial review on issue preclusion grounds, citing *Ellis v. Brown*, 237 Fed. Appx. 327, 2007 WL 28273 (W.D. Okla. Jan 3, 2007)(No. CIV-06-1156-R)(citing and attaching a copy of the decision of the Oklahoma Court of Civil Appeals in *Ellis v. Brown*).  Accordingly, the Magistrate Judge found that the reassertion of those claims was frivolous and that they should be dismissed as such with prejudice.  With respect to Plaintiffs' conspiracy claims, the Magistrate Judge concluded that Plaintiffs had failed to state claims on which relief could be granted because they failed to adequately allege an agreement and concerted action, and Plaintiffs have no liberty interest in parole or in how often they are considered therefor and no ex post facto violation occurs by applying the 1998 amendment lengthening the period between parole reviews for violent criminals who were convicted prior to the amendment, citing *Henderson v. Scott*, 260 F.3d 1213, 1216-17 (10th Cir. 2001).  Accordingly, he concluded that Plaintiffs had failed to state a claim for conspiracy to deprive Plaintiffs of their constitutional rights and hence had failed to state a claim on which relief could be granted.

      The Court reviews the Report and Recommendation of the Magistrate Judge *de novo* in light of Plaintiffs' objections, pursuant to 28 U.S.C. § 636(b)(1)(B).  In support of their

Objection, Plaintiffs assert that their claim for monetary damages is only against Defendants Burns and Prater in their individual capacities, only, and that every Defendant is subject to declaratory and injunctive relief.  Hence, they assert that Eleventh Amendment immunity does not bar any of their claims.  They further assert that the Magistrate Judge misunderstood and/or mischaracterized their claims.  Specifically, they assert that they do not claim a liberty interest in parole; rather, their protected liberty interest is in their "right to an impartial investigation and study realized by a fair hearing based on their conduct and record while incarcerated."  Objection at p. 5.  Moreover, they assert that the claims they assert herein are not the same claims that they asserted in Case No. CIV-06-115-R because the claims they assert herein are based upon a collection of entirely new facts occurring in 2007 to 2008, whereas the former case was based on facts occurring in 2004 to 2005.  They assert, therefore, that the doctrine of preclusion is inapplicable.  With respect to their conspiracy claims, they argue that they have sufficiently alleged facts showing an agreement among the alleged conspiring Defendants and concerted action, particularly given that the existence of both can be inferred from facts and circumstances alleged showing collaborative effort by the Defendants They also reiterate their arguments concerning the existence of a liberty interest and assert that merely because their parole hearings were very brief does not negate the existence of a conspiracy.

     Plaintiffs are not asserting the identical claims herein that they asserted in Case No. CIV-06-115-R or, for that matter, in a prior state court action because some of the facts are different and the events on which the claims are based occurred at different times.  But the

Magistrate Judge did not base his Report and Recommendation on *claim preclusion* but on *issue preclusion*. The legal issue herein of whether an inmate's "conduct and record" are the sole or exclusive criteria on which a parole recommendation is to be based and hence whether those statutory criteria give rise to a protected liberty interest, or to put it conversely, whether an inmate's due process rights are violated by consideration of anything other than an inmate's "conduct and record" during incarceration, is identical to the issue in Case No. CIV-06-1156-R and to the issue in the prior state case, which formed the basis for issue preclusion in Case No. CIV-06-1156-R. *See Ellis v. Brown*, 2007 WL 28273 (W.D. Okla. Jan. 3, 2007)(No. CIV-06-1156-R), *aff'd*, 237 Fed. Appx. 327, 2007 WL 1589432 (10th Cir. June 4, 2007)(No. 07-6024). Likewise, the legal issues herein of whether Plaintiffs' due process rights and rights under the Ex Post Facto Clause were violated by applying Okla. Stat. tit. 57, § 332.7(C) to conduct a two-stage parole proceeding and whether Plaintiffs' rights under the Ex Post Facto Clause were violated by application of Okla. Stat. tit. 57, § 332.7(D) to decrease the frequency of parole consideration from annually to once every three years are identical to the legal issues in the prior federal and state cases. The Court concurs with the Magistrate Judge herein that Counts I, IV and V of Plaintiffs' Complaint are frivolous and must be dismissed with prejudice.

Additionally, because the criteria of an inmate's conduct and record during incarceration are only "a basis for consideration" for a parole recommendation rather than the sole or exclusive basis, Subsection H of Section 332.7 of Title 57 of the Oklahoma Statutes does not give rise to a liberty interest in a parole recommendation based solely on

an inmate's conduct and record during incarceration protected by the Due Process Clause, *see Ellis v. Brown* (Okla. Civ. App. Mar. 13, 2006), attached to the Report and Recommendation of the Magistrate Judge incorporated in *Ellis v. Brown*, 2007 WL 28273 (W.D. Okla. Jan 3, 2007); parole hearing procedures prescribed by Oklahoma statutes are not protected by the Due Process Clause, *see Hunter v. Beck*, 244 Fed. Appx. 848, 852 & N. 4 (10th Cir. July 3, 2007)(No. 07-7027), *cert denied*, __ U.S. __, 128 S.Ct. 894, 169 L.Ed.2d 747 (2008); and Oklahoma's statutory amendments providing a two-stage hearing procedure for certain prisoners, Okla. Stat. tit. 57, § 332.7(C), and altering the frequency for which a prisoner denied parole shall be considered therefor, Okla. Stat. tit. 57, § 332.7(D), do not on their face have the effect of prolonging Plaintiffs' sentences and as applied have only a speculative possibility of increasing the length of Plaintiffs' sentences, *see Henderson v. Scott*, 260 F.3d 1213, 1216-17 (10th Cir. 2003), Plaintiffs have failed to state and cannot state claims for conspiracy to deprive them of rights protected by the Due Process or Ex Post Facto clauses. *See Thompson v. City of Lawrence, Kansas*, 58 F.3d 1511, 1517 (10th Cir. 1995)(§ 1983 conspiracy claim requires both the existence of a conspiracy and the deprivation of a constitutional right).

In view of the foregoing, the Court finds it unnecessary to reach Plaintiffs' other arguments included in their Objection. The Report and Recommendation of the Magistrate

Judge [Doc. No. 6] is ADOPTED in its entirety and Plaintiff's first, fourth and fifth claims are DISMISSED with prejudice as frivolous and the remainder of Plaintiffs' claims in their Complaint are DISMISSED for failure to state a claim on which relief can be granted.

IT IS SO ORDERED this 12th day of May, 2009.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE